# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62412-BLOOM/Valle

INTERIM HEALTHCARE INC.,

    Plaintiff,

v.

INTERIM HEALTHCARE OF SOUTHEAST
LOUISIANA, INC., and JULIA BURDEN,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record in this case. Plaintiff Interim Healthcare Inc. ("Plaintiff") initiated this action on September 27, 2019. ECF No. [1]. On October 28, 2019, Plaintiff filed its Amended Complaint. ECF No. [7]. Service of the summonses and Amended Complaint were executed on Defendants Interim Healthcare of Southeast Louisiana, Inc. ("IHSL") and Julia Burden ("Burden") (collectively, "Defendants") on November 6, 2019, setting a response deadline of November 20, 2019. ECF Nos. [17] & [18]. Neither Defendant submitted a responsive pleading by November 20, 2019. On November 8, 2019, Plaintiff filed an Amended Motion for Preliminary Injunction. ECF No. [19]. Moreover, on November 21, 2019, this Court issued an Order on Default Procedures, requiring that Defendants answer or otherwise respond to Plaintiff's Amended Complaint by December 9, 2019. ECF No. [20]. On December 2, 2019, Burden filed a Motion to Dismiss. ECF No. [24].

Further, on November 22, 2019, Plaintiff filed a Notice of Bankruptcy Proceeding, ECF No. [21], indicating that IHSL filed a Chapter 11 Voluntary Petition (Non-Individual) on November 19, 2019, in U.S. Bankruptcy Court for the Eastern District of Louisiana. Based on this

Notice, the Court issued an order requiring Plaintiff to advise it as to the effect of the bankruptcy on the instant action, ECF No. [22], to which Plaintiff responded, ECF No. [23]. In addition, upon her appearance in this action, the Court ordered Burden to file a response to the Amended Motion for Preliminary Injunction, addressing in part the effect of IHSL's bankruptcy proceedings, and the resulting automatic stay of the instant action against IHSL on the relief requested against Burden in the Motion. ECF No. [25]. Burden submitted her Response in Opposition to the Amended Motion for Preliminary Injunction on December 6, 2019, ECF No. [26] ("Response"), to which Plaintiff did not file a Reply.

As an initial matter, given IHSL's Chapter 11 bankruptcy proceedings, this action is automatically stayed as to IHSL, pursuant to 11 U.S.C. § 362. In addition, based on the interests of judicial economy and efficiency, it would be improper to go forward in a piecemeal fashion with respect to Burden. Burden is the shareholder and operator of IHSL, and any relief granted in this action against Burden would affect IHSL and its underlying operations. Thus, proceeding with this action would undermine and circumvent the automatic stay against IHSL and would frustrate the goals of the Bankruptcy Court in permitting IHSL to attempt to formulate a meaningful plan of reorganization. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) ("Congress intended to grant comprehensive jurisdiction to bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984))).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The above-styled action is **STAYED** until the conclusion of Defendant IHSL's Chapter 11 bankruptcy proceedings.

2. The Clerk of Court is directed to **CLOSE** this case for administrative purposes only.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

4. The parties may move to re-open this case within thirty days of either the Bankruptcy Court lifting the automatic stay or the termination of the bankruptcy proceedings.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 17, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record